916 F.2d 715
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frances K. CLARK, Defendant-Appellant.
 No. 89-3297.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 9, 1990.*
Decided Oct. 17, 1990.
 
 Before COFFEY, FLAUM and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 The defendant, Frances Clark, pleaded guilty to possession with the intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1). At sentencing, the district court enhanced, over Clark's objections, her offense level by two pursuant to Sentencing Guideline Sec. 2D1.1(b)(1) for possession of loaded firearms during the commission of the offense. Clark was sentenced to ninety-two months' incarceration and supervised release for five years. On appeal, Clark asserts that the district court erred in enhancing her offense level for possession of weapons under Guideline Sec. 2D1.1(b)(1).
 
 
 2
 We must affirm the sentence imposed by the district court absent a violation of the law or an incorrect application of the Guidelines. United States v. Durrive, 902 F.2d 1221, 1231 (7th Cir.1990). 18 U.S.C. Sec. 3742(f)(1) compels this court to accept the district court's factual findings unless they are clearly erroneous. Section 3742 requires that this court give due deference to the district court's application of the Guidelines to the facts. United States v. Franklin, 896 F.2d 1063 (7th Cir.1990). Clark does not challenge the district court's findings of fact concerning the existence and location of the loaded and unloaded firearms.
 
 
 3
 Section 2D1.1(b)(1) is inapplicable when it is "clearly improbable" that the weapon was connected with the offense. Whether this connection is "clearly improbable" is a question of fact, so we will not overturn the district court's decision to enhance the defendant's sentence under Sec. 2D1.1(b)(1) unless it is clearly erroneous. United States v. Valencia, Nos. 89-1648 & 89-2369, slip op. at 11 (7th Cir. Sept 13, 1990).
 
 
 4
 Clark argues that the mere presence of loaded firearms in the room where the cocaine was found does not amount to possession as contemplated by Guideline Sec. 2D1.1(b)(1). According to Clark, the distribution of the cocaine occurred at places remote from the location of the weapons. We find Clark's argument unpersuasive. The crime charged was intent to distribute, rather then distribution. As such, the place of distribution is irrelevant. Moreover, we recently rejected defendant's argument that the mere presence of handguns in the residence where the cocaine was found is not sufficient to call for Sec. 2D1.1(b)(1)'s enhancement. Valencia, slip op. at 10-11. For the enhancement under Sec. 2D1.1(b)(1) to be applicable it is not necessary that the defendant actually use the weapon. United States v. Rush, 890 F.2d 45, 52 (7th Cir.1989); Franklin, 896 F.2d at 1065-66; Durrive, 902 F.2d at 1231. Moreover, Sec. 2D1.1(b)(1) does not mandate that a nexus between the weapon and the offense be shown. Durrive, 902 F.2d at 1232. Rather, all that the government needs to prove is that the weapon was possessed during the offense. Id.
 
 
 5
 As noted before, the crime charged was possession with the intent to distribute. The two loaded weapons and one unloaded weapon were found in the same room as approximately 395 grams of cocaine, drug proceeds, fifteen drug ledgers, and other paraphernalia commonly associated with cocaine trafficking. Thus, the weapons were present during the commission of the offense. In light of these uncontested facts, we reject Clark's argument that because the actual sale of the cocaine did not occur at her home, it was "clearly improbable" that the weapons were connected with the offense.
 
 
 6
 Giving due deference to the district court's application of the Guidelines to this case, we find no error in subjecting Clark to the two level firearm enhancement. Accordingly we
 
 
 7
 AFFIRM.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record